**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Misc No.: |
| MICRON DEVICES, LLC, | Underlying Case No. 20-23359-LMI |
| Debtor. | (U.S. Bankruptcy Court for the Southern District of Florida) |

_____/

**K&L GATES LLP AND STEVEN CAPONI'S**
**MOTION TO QUASH OR MODIFY RULE 2004 SUBPOENAS**

Non-Parties K&L Gates LLP and Steven Caponi ("Mr. Caponi") (together "K&L Gates" or the "Firm"), by counsel and under Federal Rules of Civil Procedure 26(c) and 45(d)(3)(A)(iii), ask the Court to enter an order quashing or modifying the Federal Rule of Bankruptcy Procedure 2004 subpoenas served on K&L Gates (for a corporate representative) and Mr. Caponi (individually).

**INTRODUCTION**

The Trustee for Micron Devices, LLC – the debtor in an ongoing Chapter 11 bankruptcy proceeding in the Southern District of Florida – served K&L Gates and Mr. Caponi (a partner in the Firm's Wilmington office) in Delaware with separate Federal Rule of Bankruptcy Procedure 2004 subpoenas for examinations.  Those examinations are tentatively scheduled for August 15.  The Firm asks this Court to quash or modify these subpoenas because this is the District where compliance is required.  The bases for the request are as follows.

*First*, Micron seeks discovery pertaining to privileged communications and information relating to K&L Gates' joint representation of eight former clients: (1) Laura Perryman, the founder and managing member of Micron; (2) her husband Gary Perryman (together with Laura, the "Perrymans"); (3) Micron, for which Laura Perryman served as the Firm's primary client contact throughout K&L Gates' representation of the joint clients; and (4) several other entities for

which Laura Perryman also served as the client contact, including StimGuard Medical Corporation, LTP Limited, LLC, Micron Medical LLC, StimGuard LLC, and StimGuard Medical Corporation.  K&L Gates jointly represented these former clients in two cases in the Delaware Court of Chancery – (a) a case in which Micron, the Perrymans, and the other entities were sued as co-defendants styled *Stimwave Tech., Inc. v. Micron Devices, LLC, et al.*, Case No. 2019-1003-SG (Del. Ch. Dec. 16, 2019) ("Stimwave Action"); and (b) a case in which only the Perrymans sought advancement of fees (Micron was not a party) styled *Laura Perryman, et al. v. Stimwave Technologies Inc.*, Case No. 2020-0079 (Del. Ch. Feb 11, 2020) ("Advancement Action").  For their part, the Perrymans have informed the Trustee and K&L Gates that they do not waive any privileges.

Thus, K&L Gates has one former joint client (Micron, the estate of which is represented by the Trustee) who wants to inquire about privileged information from a prior joint representation and another set of clients (the Perrymans) from the same joint representation who do not waive privilege and do not consent to K&L Gates providing privileged information.  While Micron can waive its own privilege, Third Circuit law makes clear that it cannot waive the Perrymans' privilege or the joint privilege.  Regarding the joint privilege, the reality here is that Laura Perryman spoke for Micron throughout K&L Gates' joint representation of these clients.  As the Court might expect, the Firm would regularly engage in strategic discussions about each of the Actions – which were being actively litigated at the same time – in emails and telephone calls with the Perrymans, with Laura Perryman speaking both for herself and Micron.  Now, years later, and where these former clients are no longer aligned, Micron seeks to inquire of K&L Gates about this prior joint representation and the Perrymans object on privilege grounds.

Accordingly, K&L Gates has been thrust into the middle of an acrimonious privilege dispute that the Firm cannot resolve on its own. Because K&L Gates knew the Perrymans intended to assert their privilege, it informed the Trustee that the Firm could not testify until the Trustee resolved that issue with the Perrymans. Instead of seeking to do so, the Trustee moved forward with serving the subpoenas on K&L Gates and set the examination dates for August 15. By pressing forward, the Trustee has forced K&L Gates into asking this Court to quash the subpoenas until the Trustee and the Perrymans (or the Court if they cannot agree) provide clear direction on the scope of any examination and the disclosure of privileged information during the examinations so the Firm can comply with the subpoenas, its ethical obligations, and its duties to its former joint clients. If the Court quashes the subpoenas on privilege grounds, then it need not reach the second or third issues. But, if the Court does not quash (or only modifies) the subpoenas to address the privilege issue, then the Court should also consider the following additional defects.

*Second*, if the Court allows Micron to ask questions about the Firm's former joint representation, the Court should apply the pending proceeding rule to quash the subpoenas to the extent Micron seeks discovery of evidence related to the pending Stimwave Action or any other pending proceeding. That rule bars parties from using broad Rule 2004 discovery rules, rather than the stricter requirements of the Federal Rules of Civil Procedure, to discover evidence related to a pending proceeding. Notably, the Trustee may be motivated to seek discovery about various still pending proceedings because the estate acquired, through its settlement with Stimwave, a financial interest in Stimwave's recovery from Laura Perryman and other insiders related to certain assigned claims. Given these facts, K&L Gates believes the Trustee may seek to examine the Firm to obtain information to use against the Perrymans, and not to operate or administer the estate. As such, the Court should bar Micron from seeking discovery relating to any pending proceeding.

*Third*, the Court should modify the K&L Gates corporate representative subpoena to require the Trustee to include topics of examination.  Given the delicate privilege and prior proceeding issues described above, the Firm cannot select or properly prepare a corporate representative for examination without defined topics.  The Firm and the Perrymans should also have a chance to object to overbroad, improper, or privileged topics before any examinations.

## FACTUAL AND PROCEDURAL BACKGROUND

In 2010, Laura Perryman and others founded Micron Devices, LLC ("Micron"), which developed medical devices related to spinal cord stimulation.  In 2018 and early 2019, Micron allegedly agreed to transfer to Stimwave Technologies, Inc. ("Stimwave"): (1) all of its interest in its own intellectual property; and (2) its equity interest in another company called StimQ Medical LLC.  As part of the deal, Laura Perryman became the CEO and a board member of Stimwave.  Soon after, "Stimwave received a civil investigative demand from the [DOJ] pursuant to the False Claims Act."  *Perryman v. Stimwave Techs., Inc.*, 2020 Del. Ch. LEXIS 363, at *7 (Ch. Dec. 9, 2020).  In response to the investigation, Stimwave's Co-Chairman told Laura Perryman "that she needed to step down."  *Id.*  Laura Perryman eventually stepped down as CEO of Stimwave and, according to Stimwave, improperly sought to revive Micron, which had been dissolved in conjunction with the prior Stimwave action and was not a functioning entity at that time.

Litigation soon followed.  In late 2019, Stimwave filed the Stimwave Action in the Delaware Court of Chancery against Micron, the Perrymans, and five other entities for which Laura Perryman served as the Firm's point of contact – StimGuard Medical Corporation, LTP Limited, LLC, Micron Medical LLC, StimGuard LLC, and StimGuard Medical Corporation.  These defendants hired K&L Gates to jointly represent them, with Mr. Caponi serving as lead trial counsel.  As the Court of Chancery has observed, any summary of the dispute between Stimwave

and the Perrymans would fall "far short of a complete account of the mischief alleged by either side in the 121-page Complaint or the 230-page Answer." *Stimwave Techs. v. Perryman*, 2020 Del. Ch. LEXIS 495, at *7 (Ch. Nov. 6, 2020).[1]  Without getting into the detail of the parties' allegations, it is indisputable that Micron (until it settled with Stimwave) and the Perrymans have been engaged in bitter disputes with Stimwave for several years.

In February 2020, K&L Gates filed the Advancement Action on behalf of the Perrymans – to which Micron was not a party – seeking advancement of attorney's fees in connection with their former roles as officers/directors of Stimwave.  Both cases were actively litigated.  For example, the parties in the Stimwave Action, in just months, had "generated no fewer than twelve outstanding motions, including four separate motions to dismiss and three motions to compel." *Stimwave Techs.*, 2020 Del. Ch. LEXIS 495, at *7.  The Advancement Action was filed, tried, and decided within the same year, with the Court of Chancery awarding advancement to Gary Perryman, but not to Laura Perryman.  *See Perryman v. Stimwave Techs., Inc.*, No. 2020-0079-SG, 2020 Del. Ch. LEXIS 363 (Ch. Dec. 9, 2020).  Because Laura Perryman served as Micron's managing member and client contact throughout the Firm's representation of the joint clients, Laura Perryman was the client contact for virtually all client communications and strategic decisions relating to Micron and the Perrymans for *both* cases.  With Laura Perryman speaking for herself, for Micron, and for the other entities, privileged communications with the Firm about both cases were often blended in the same emails and phone conversations with the Perrymans.

---

[1] For more background on the dispute between the Perrymans and Stimwave, K&L Gates refers the Court to the Court's factual findings in *Perryman v. Stimwave Techs., Inc.*, No. 2020-0079-SG, 2020 Del. Ch. LEXIS 363, *3-20 (Ch. Dec. 9, 2020, Glasscock, V.C.).  Several other published decisions and articles have detailed the high level of acrimony between the parties.

In December 2020, Laura Perryman, based on advice from separate bankruptcy counsel, initiated Chapter 11 bankruptcy proceedings for Micron in the Southern District of Florida. *See In re Micron Devices, LLC*, Case No. 20-23359-LMI (Bankr. S. D. Fla. Dec. 7, 2020) ("Micron Bankruptcy"). The bankruptcy court appointed a Trustee to administer the estate. K&L Gates did not represent any of the joint clients in the Micron Bankruptcy. Rather, while the bankruptcy proceedings were ongoing, K&L Gates obtained orders in Delaware permitting it to withdraw as counsel for the jointly represented clients in both the Stimwave and Advancement Actions.

Micron's Trustee then filed two adversary proceedings against Stimwave. *See* Case Nos. 21-01033-LMI (Bankr. S. D. Fla. Feb. 2, 2021), and 21-01034-LMI (Bankr. S. D. Fla. Feb. 2, 2021). In April 2021, the Trustee settled with Stimwave and Stimwave's lender. *See* Micron Bankruptcy at D.E. 256. The settlement provided that Stimwave would pay Micron $1,000,000 in exchange for Micron transferring to Stimwave all the assets from the original deal, ceasing all operations, and assigning to Stimwave and its lender certain potential claims (*id.* at 9-11). The settlement also entitled the Trustee to 25% of any recovery that Stimwave might realize against Laura Perryman or other insiders for certain assigned claims (*id.* at 17). Specifically, the settlement agreement provides:

> [T]he Stimwave Parties and the KLIM Parties hereby agree that, if either the Stimwave Parties or the KLIM Parties or both prosecute the Non-IP Litigation Claims and actually receive monetary damages or amounts paid in settlement in respect of any Non-IP Litigation Claim [the "Claim Proceeds"], *the Stimwave Parties, or the KLIM Parties, or both, as applicable, shall pay to the Trustee, on behalf of and for the benefit of, the Debtors' bankruptcy estate, an amount equal to 25% of the Claim Proceeds* . . . .

*Id.* (emphasis added). The settlement therefore not only created a direct financial interest for the Trustee in Stimwave's potential recovery from the Perrymans, but also aligned the Micron estate's

and Stimwave's interests *against* the Perrymans.  In May 2021, the bankruptcy court approved that settlement.  *See* Micron Bankruptcy at D.E. 393.

In his April 2021 declaration in support of the settlement, the Trustee aptly described the status of ongoing litigation as having "grown in number, scope, and amount of parties since the commencement" of the Stimwave Action.  *See* Micron Bankruptcy at D.E. 310 at 16.  Since then, Stimwave, Micron, and the Perrymans have continued their litigation battle at a dizzying pace and in multiple forums.  Stimwave has continued to pursue its claims against Laura Perryman, who is proceeding in the Stimwave Action *pro se*.  Earlier this year, the Court of Chancery temporarily stayed that case after Laura Perryman repeatedly invoked her Fifth Amendment rights during a deposition, citing a DOJ criminal investigation.  The Court later lifted that stay.  *See Stimwave Techs. Inc. v. Perryman*, 2022 Del. Ch. LEXIS 164, at *1 (Ch. July 7, 2022).  That Action alone has over 900 docket entries.  At the same time, new cases and claims have arisen, including, most recently, Stimwave's own Chapter 11 petition for relief in the District of Delaware.  *See In re Stimwave Technologies Incorporated*, Case No. 22-10541 (Bankr. D. Del. Jun. 15, 2022).

Late last year, K&L Gates received and complied with multiple requests for documents from Micron's Trustee.  The Firm produced over 350,000 documents totaling nearly 2,300,000 pages.  Then, in July, the Trustee served K&L Gates (as a corporate representative) (**Exhibit 1**) and Mr. Caponi (individually) (**Exhibit 2**) in Delaware with Rule 2004 subpoenas.  The Trustee tentatively scheduled those examinations for August 15, with the understanding that K&L Gates and Mr. Caponi would seek court intervention before the depositions.  K&L Gates also notified the Perrymans' DOJ counsel about the subpoenas, who advised the Firm the Perrymans: (1) are not waiving any privilege; and (2) may to move to quash the subpoenas on privilege grounds.

# ARGUMENT

Bankruptcy Rule 2004 authorizes "any party in interest" to examine "any entity" about the "acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate or to the debtor's right to a discharge." The Rule also allows Chapter 11 debtors to seek discovery about "the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for purposes of consummating a plan and the consideration given or offered therefor, and any other matter relevant to the case or to the formulation of a plan." *Id*. "The purpose of the examination is to enable the trustee to discover the nature and extent of the bankruptcy estate." *In re Wash. Mut., Inc.*, 408 B.R. 45, 50 (Bankr. D. Del. 2009).

However, the party seeking to conduct a Rule 2004 "examination has the burden of showing good cause for the examination which it seeks." *In re Millennium Lab Holdings II, LLC*, 562 B.R. 614, 627 (Bankr. D. Del. 2016). And even though Rule 2004 discovery can be broad, the Rule still requires a balancing of "the competing interests of the parties, weighing the relevance of and necessity of the information sought by examination." *Id.* at 626. Further, the Rule "may not be used for purposes of abuse or harassment and [examining parties] cannot stray into matters which are not relevant to the basic inquiry." *In re Wash. Mut., Inc.*, 408 B.R. at 50 (internal quotations omitted). The Rule is also limited by the pending proceeding rule, which provides that once parties have started a separate litigation matter, discovery should be conducted under the (generally) stricter discovery rules applicable to the separate proceeding, not under Rule 2004. *Id.* Finally, Rule 2004 subpoenas are subject to the requirements of Federal Rule of Civil Procedure 45(d)(3)(A), which states that "the court for the district where compliance is required must quash or modify a subpoena that . . . requires disclosure of privileged or other protected matter, if no

exception or waiver applies." *See In re Bestwall LLC*, No. 21-141 (CFC), 2021 U.S. Dist. LEXIS 102452, at *20 (D. Del. June 1, 2021) (quashing a Bankruptcy Rule 2004 subpoena under Federal Rule 45); Fed. R. Bankr. P. 2004 (explaining that "the attendance of an entity for examination . . . may be compelled as provided in" Federal Bankruptcy Rule of Procedure 9016, which applies Federal Rule of Civil Procedure 45 in all bankruptcy cases).

Applying the law governing Rule 2004 examinations to the circumstances present here, K&L Gates asks this Court to: (1) quash the subpoenas until the privilege issues between Micron and the Perrymans are resolved; (2) quash the subpoenas to the extent the Trustee seeks to use this Rule 2004 examination to obtain backdoor discovery for the Stimwave Action or any other pending proceeding; and (3) modify the corporate representative subpoena to require topics so that the Firm may make an informed decision in terms of designating a witness and then preparing the witness to testify and object where appropriate.

## I.     THE COURT SHOULD QUASH THE SUBPOENAS UNTIL MICRON AND THE PERRYMANS RESOLVE THE ONGOING PRIVILEGE ISSUES RELATING TO THE JOINT PRIVILEGE

Micron's Trustee intends to use the Rule 2004 examinations to inquire into K&L Gates' joint representation of Micron and the Perrymans.  At the same time, the Perrymans have advised K&L Gates not only that they are not waiving their privilege, but also that they may move to quash the subpoenas in their entirety on privilege grounds.  Thus, K&L Gates' former clients have placed the Firm in the middle of a complicated privilege dispute with broad implications.

The Firm seeks Court intervention because Micron and the Perrymans have not yet agreed on how to resolve these privilege issues amongst themselves.  Third Circuit law makes clear that the attorney-client privilege "belongs to the client, not the attorney." *United States v. Doe*, 429 F.3d 450, 452 (3d Cir. 2005); *In re Lyle*, 74 A.3d 654 (Del. 2013) ("with the privilege belonging to the client and not the attorney, it is only the client that can waive the privilege or authorize that

it be waived").  With jointly represented clients, one client "may unilaterally waive the privilege as to its own communications with a joint attorney, so long as those communications concern only the waiving client."  *In re Teleglobe Commc'ns Corp.*, 493 F.3d 345, 363 (3d Cir. 2007).  But even if the Trustee could unilaterally waive Micron's privilege, the Trustee cannot "unilaterally waive the privilege as to any of the other joint clients' communications or as to any of its communications that relate to other joint clients."  *Id*.  Rather, "[w]aiving the joint-client privilege requires the consent of all joint clients."  *Id.*

Given the nature of the joint representation, it may prove impossible for K&L Gates to identify privileged communications that *only* concern Micron.  Until the Micron bankruptcy, Laura Perryman spoke for Micron.  As a result, Laura Perryman spoke on behalf of herself, Micron, and the five other joint client entities for which she spoke for throughout the Firm's representation of the joint clients.  In addition, phone calls and email communications between K&L Gates, Laura Perryman, and her husband Gary would often switch back and forth between discussing strategy related to the Stimwave Action (to which Micron was a party) and the Advancement Action (to which Micron was not a party) and other matters for Laura Perryman outside the scope of the joint representation.  There may not be *any* unilateral privileged communications that Micron can waive as part of these Rule 2004 examinations.  And, if there are, the Firm likely cannot disentangle Micron's privileged communications from the joint communications with the other *seven* joint clients in the Stimwave Action and the Perrymans in the Advancement Action without undue burden and extreme cost.  *See In re Mathews*, No. 18-mc-80-LPS, 2018 U.S. Dist. LEXIS 178364, at *3-4 (D. Del. Oct. 17, 2018) (quashing Rule 2004 subpoenas because they "impose[d] an undue burden and expense"); Fed. R. Civ. P. 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense").

For these reasons, K&L Gates cannot determine how to resolve disputes between former clients about privileged information obtained during the joint representation, where one former client insists on disclosure and the other former client objects.  The Firm therefore asks the Court to: (1) order Micron and the Perrymans to attempt to resolve the privilege issues pertaining to the scope of the Rule 2004 examination and the disclosure of privileged information; and (2) quash the subpoenas until Micron and the Perrymans agree on those issues or, if they cannot agree, until the Court rules on the appropriate scope of examination.  K&L Gates will comply with whatever direction the parties agree upon (or the Court orders) consistent with its ethical obligations and its duties to its former clients.  But the Rule 2004 subpoenas cannot move forward as currently contemplated by the Trustee and with the privilege issues unresolved.

If the Court quashes the subpoenas based on the privilege arguments raised here, then the Court does not need to proceed any further.  But if the Court orders the examinations to proceed either in full or in some limited capacity, then the Court should also consider arguments two and three below, which address additional defects in the Rule 2004 subpoenas.

## II.   THE COURT SHOULD QUASH ATTEMPTS BY THE TRUSTEE TO USE THESE EXAMINATIONS AS A BACKDOOR FOR DISCOVERY RELATING TO ANY PENDING PROCEEDING

If the Court allows the Trustee to ask about the Firm's joint representation of Micron and the Perrymans, then it should quash the subpoenas to prohibit the Rule 2004 examination from covering topics that seek discovery of evidence related to pending proceedings.

The pending proceeding rule provides "that once an adversary proceeding or contested matter has been commenced," discovery should be taken under the more restrictive discovery rules applicable to the separate proceeding, and not through Rule 2004.  *See In re Wash. Mut., Inc.*, 408 B.R. 45, 50-51 (Bankr. D. Del. 2009); *In re Sanomedics, Inc.*, 2018 Bankr. LEXIS 2187, at *6

(Bankr. S.D. Fla. July 24, 2018) ("Using Rule 2004 to obtain discovery relevant to outside litigation is precisely the type of prejudice to the discovery target that the pending proceeding rule is designed to avoid."). The "relevant inquiry is whether the Rule 2004 examination will lead to discovery of evidence related to the pending proceeding or whether the requested examination seeks to discover evidence unrelated to the pending proceeding." *Id.*

K&L Gates is concerned that the Trustee will use these examinations to secure discovery – whether it be through privileged communications or otherwise – to provide an unfair strategic advantage to Stimwave in its attempts recover damages from the Perrymans in other pending proceedings. As discussed above, the Firm's only connection to Micron was as its former counsel in the Stimwave Action. At that time, Laura Perryman spoke for Micron on every decision related to its representation and served as the client contact for Micron and several other joint clients. Now that Laura Perryman no longer speaks for Micron, the Trustee has – through its settlement with Stimwave – aligned himself with Stimwave and created a financial interest in Stimwave's ability to recover against Laura and other insiders for certain assigned claims. Thus, K&L Gates is concerned that the Trustee may use the Rule 2004 examinations to improperly further its and Stimwave's (now aligned) interest against the Perrymans in other pending proceedings.

These concerns are based on the Firm's firsthand knowledge of the fervor and intensity with which Stimwave pursued its claims and personal attacks against Laura Perryman. Along with suing Micron, the Perrymans, and the other joint client entities, Stimwave sued Laura's children and employees personally. The hostility between Stimwave and the Perrymans – which was already at atmospheric levels while the Firm represented the joint clients in the Stimwave Action – has intensified further, with Vice Chancellor Glasscock ordering the parties at one point to stop filing new motions without court permission, urging the parties to be civil with one another, and

warning the parties against "excessive and unhelpful" litigation.  *See Del. Chancery Stays Stimwave Tech's Battle With Ex-CEO*, Law 360, https://www.law360.com/articles/1490058/del-chancery-stays-stimwave-tech-s-battle-with-ex-ceo, last accessed on July 27, 2022.  All this is happening while ongoing litigation has "grown in number, scope, and amount of parties since" the start of the Stimwave Action.  *See* Micron Bankruptcy at D.E. 310 at 16.

For these reasons, application of the pending proceeding rule has particular importance here.  K&L Gates has substantial concerns that these [Rule] 2004 examinations are just another angle of attack on the Perrymans by Micron to further its and Stimwave's interests in pending proceedings against the Perrymans.  The Court should prohibit the Trustee from seeking backdoor discovery on pending proceedings involving Micron, Stimwave, or the Perrymans.  *See In re Valley Forge Plaza Assocs.*, 109 B.R. 669, 675 (Bankr. E.D. Pa. 1990) ("Many courts have expressed distaste for efforts of parties to utilize Rule 2004 examinations to circumvent the restrictions of the [Federal Rules of Civil Procedure] in the context of adversary proceedings or contested matters.").  If Stimwave and Micron want discovery about the Perrymans, they should seek it in one of the several pending proceedings under the rules that apply to that proceeding.

### III.  THE COURT SHOULD MODIFY THE CORPORATE REPRESENTATIVE SUBPOENA TO K&L GATES TO REQUIRE THE TRUSTEE TO PROVIDE TOPICS OF ANTICIPATED INQUIRY SO THAT THE FIRM CAN SELECT AND PREPARE A WITNESS AND OBJECT

Finally, if the Court permits examinations to proceed it should modify the corporate representative subpoena as to K&L Gates and require the Trustee to provide topics of examination so the Firm can select an appropriate corporate representative and prepare that representative, and also have a chance to object to improper topics during the examination itself.

Although "Rule 2004 neither includes nor excludes a mechanism for a corporation to designate and inform persons to testify on its behalf," the "application of the discovery device of

Bankruptcy Rule 7030 (Fed. R. Civ. P. 30), for a corporation to designate and inform persons to testify on its behalf to Bankruptcy Rule 2004 examinations is both consistent with and assists in the accomplishment of expeditious administration." *In re Analytical Sys., Inc.*, 71 B.R. 408, 412 (Bankr. N.D. Ga. 1987).  That is why courts have held that "Rule 2004 implicitly incorporates a requirement for any organization to designate a sufficiently knowledgeable [deponent], under the same standards as Rule 30(b)(6)." *In re GL Master Inc.*, 2021 Bankr. LEXIS 1672, at *34 (Bankr. C.D. Cal. Jan. 27, 2021); *In re Analytical Sys., Inc.*, 71 B.R. 408, 412 (Bankr. N.D. Ga. 1987) ("[t]he history of Bankruptcy Rule 2004 and the practice under Section 21 of the Act and former Bankruptcy Rule 205 indicate that the Federal Rules relating to discovery and deposition practice apply to Rule 2004 examinations").  Applying Rule 30(b)(6) to Rule 2004 examinations also means that the subpoenaing party "must describe with reasonable particularity the matters for examination."  Fed. R. Civ. P. 30(b)(6); *Crawford v. George & Lynch, Inc.*, 19 F. Supp. 3d 546, 553 (D. Del. 2013) ("The party seeking an organization's testimony must describe with reasonable particularity the matters for examination").

There are at least two benefits of modifying the subpoena to require the Trustee to provide topics for the corporate representative examination.  First, it is the only way K&L Gates can comply with its duty to make a "conscientious, good faith effort to designate knowledgeable persons for [the examination] and to prepare them to fully and unevasively answer questions about the designated subject matter." *In re GL Master Inc.*, 2021 Bankr. LEXIS 1672, at *34 (Bankr. C.D. Cal. Jan. 27, 2021) (a corporate representative "must be prepared to testify about information known or reasonably known to the entity regarding the topics noticed"); *Crawford*, 19 F. Supp. 3d at 553 (stating that the "organization is required to testify about information known or reasonably available to the organization").  Relatedly, requiring K&L Gates to prepare a corporate

representative that could cover the entire scope of the joint representation and any other topic the Trustee wants to discuss would be unduly burdensome and expensive for the Firm. *See In re Mathews*, 2018 U.S. Dist. LEXIS 178364, at *3-4 (quashing Rule 2004 subpoenas because they "impose[d] an undue burden and expense"). Second, pre-designated topics would provide clear notice to K&L Gates and the Perrymans on what topics may implicate the privilege and prior proceeding issues identified above, so K&L Gates can prepare its objections accordingly.

## **<u>CONCLUSION</u>**

For these reasons, K&L Gates asks this Court to enter an order that: (1) quashes the subpoenas until the privilege issues between Micron and the Perrymans are resolved; (2) quashes the subpoenas to prevent Micron's Trustee from asking questions that seek discovery related to other pending proceedings; (3) requires the Micron Trustee to modify the Firm's corporate representative subpoena to include topics of inquiry; and (4) provides any other relief the Court deems just and proper.

Dated: August 5, 2022

SMITH, KATZENSTEIN  & JENKINS LLP

*/s/ Neal C. Belgam*
Neal C. Belgam (No. 2721)
Julie M. O'Dell (No. 6191)
1000 West Street, Suite 1501
Wilmington, DE 19801
(302) 652-8400
ncb@skjlaw.com
jmo@skjlaw.com

WHITE & CASE LLP
200 South Biscayne Boulevard, Suite 4900
Miami, Florida  33131-2352
Telephone: (305) 371-2700
Facsimile:  (305) 358-5744

James N. Robinson
jrobinson@whitecase.com
*pro hac vice pending*
Zachary B. Dickens
zdickens@whitecase.com
*pro hac vice pending*

***Counsel for K&L Gates LLP & Steven Caponi***

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the foregoing has been filed in the Court's ECF

system and served on the following of record via email on this 5th day of August, 2022.

CIMO MAZER MARK PLLC
David C. Cimo
100 S.E. 2nd Street, Suite 3650
Miami, FL 33131
Tel: (305) 374-6480
Fax: (305)374-6488
Email: dcimo@cmmlawgroup.com
Special Litigation Counsel for the Trustee of Micron Devices, LLC

GREENBERG TRAURIG, P.A.
Jed Dwyer
333 S.E. 2nd Ave.
Miami, FL 33131
Tel: (305) 579-0564
Fax: (305) 418-6333
Email: dwyerje@gtlaw.com

DOJ Counsel for Laura and Gary Perryman

*/s/ Neal C. Belgam*
Neal C. Belgam (No. 2721)